104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Calixto RESENDIZ, Acel Resendiz, David Montoya, Antonio
Ruiz, Wilfredo Ruiz, Alvero Miguel Zuniga, Abimael
Resendiz, Plaintiffs-Appellees,
v.
Truman BELLS, in his individual capacity, Thomas Fischer, in
his individual capacity, Defendants-Appellants.
 No. 96-7161.
 United States Court of Appeals, Second Circuit.
 Sept. 4, 1996.
 
 Appearing for Appellants: William J. McDonald, Jr., Bond & McDonald, Geneva, N.Y.
 Appearing for Appellees: Peter O'Brian Dellinger, Farmworker Legal Services of N.Y., Rochester, N.Y.
 Before MESKILL, KEARSE and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of appellate jurisdiction.
 
 
 3
 Defendants Truman Bells and Thomas Fischer appeal from an order of the United States District Court for the Western District of New York, Michael A. Telesca, Judge, denying their motions for summary judgment dismissing the complaint on the ground that they have qualified immunity from the present suit. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.
 
 
 4
 The denial of a summary judgment motion asserting qualified immunity is immediately appealable only if the denial presents " 'a legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case.' " Johnson v. Jones, 115 S.Ct. 2151, 2156 (1995) (quoting Mitchell v. Forsyth, 472 U.S. 511, 530 n. 10 (1985)); see also Behrens v. Pelletier, 116 S.Ct. 834, 842 (1996); In re State Police Litigation, 88 F.3d 111, 123-25 (2d Cir.1996). A defendant "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 115 S.Ct. at 2159.
 
 
 5
 In the present case, plaintiffs claim that they were, inter alia, subjected to unreasonable searches and seizures and were prohibited from entering into contracts on account of their nationality. The district court ruled that defendants were not entitled to summary judgment "[b]ecause there is a question of fact as to whether or not defendants Bell and Fischer are entitled to qualified immunity." Decision and Order dated January 25, 1996, at 16. Although the district court did not elaborate, such questions are apparent from the arguments submitted to us by defendants on this appeal and from the district court record, viewed in the light most favorable to plaintiffs as the parties opposing summary judgment. For example, defendants contend that they merely asked individual plaintiffs "if they would be willing" to take certain actions (defendants' brief on appeal at 8, 9), and that Bells did not "take any ... steps to restrict the movement of [two plaintiffs] other than his request for their voluntary cooperation" (id. at 8). In contrast, there was deposition testimony from plaintiffs that the officers "ordered" them to take those actions, told them not to return to the store, and stated that if they did return they would be arrested. (See, e.g., deposition of plaintiff Wilfredo Ruiz at 137, 139-40.) In light of the district court's denial of summary judgment on the qualified immunity defense on the ground that there are genuine issues of material fact to be tried as to that defense, the denial of defendants' motion is not immediately appealable.
 
 
 6
 We have considered all of defendants' arguments in support of immediate appealability and have found them to be without merit.
 
 
 7
 The appeal is dismissed for lack of appellate jurisdiction.